### JACKSON vs. LEWIS.

By the constitution of 1877 and the acts passed in pursuance thereof, there may be an appeal from the decision of a justice in a justice's court to a jury therein in all cases within the jurisdiction of that court, to-wit, one hundred dollars. Code, §§5153, 4157, (a) (b); acts 1882–3, p. 95; 69 *Ga.*, 843; 70 *Id.*, 523, 726.

(a.) *Semble*, that, under the constitution of 1877, the appeal lay as well on the law as on the facts; but it is unnecessary to decide that point in this case, there being issues of fact on this appeal, to-wit, the plea of the general issue, as well as the plea in abatement, involving, on the former especially, facts as well as law. Judgment reversed.

January 12, 1886. (Head-note by the court.)

JACKSON, Chief Justice.

[Lewis sued Jackson in a justice's court on an open account for $35.51. The defendant pleaded the general issue, *res adjudicata*, and the pendency of another suit involving the same subject-matter. On the trial, the defendant introduced evidence in support of his pleas in abatement, but the justice held that the pleas were not sustained and dismissed them. The defendant announced that he intended to carry the case to the superior court by *certiorari*, and refused to proceed further in the investigation. The

justice rendered judgment for the plaintiff. The defendant appealed to a jury in the justice's court, On the trial, the justice held that *certiorari*, not appeal, was his remedy, and dismissed the appeal and confirmed his original judgment. The defendant carried the case to the superior court by *certiorari*. The presiding judge affirmed the judgment of the justice, and the defendant excepted.]